NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0156n.06

No. 14-5525

<table>
<tr><td>UNITED STATES COURT OF APPEALS<br>FOR THE SIXTH CIRCUIT</td><td></td><td>FILED<br>Feb 26, 2015<br>DEBORAH S. HUNT, Clerk</td></tr>
</table>

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| DANNY O'NEAL THOMPSON, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE: DAUGHTREY, McKEAGUE, and STRANCH, Circuit Judges.

PER CURIAM. Danny O'Neal Thompson, a federal prisoner, appeals through counsel his 2014 conviction of possessing cocaine base with intent to distribute, for which he was sentenced to 210 months of imprisonment.

Thompson's conviction was the result of a jury trial. Police officers testified that they used a paid informant to conduct a purchase of cocaine base. The informant made a phone call to a possible source, who told him that his cousin would sell him the drugs. The informant arranged to meet the cousin on the steps of an apartment complex. The police gave the informant the money to make the purchase and equipped him with a video camera in his shirt button. The video showed Thompson drive up to the apartments in his car. The informant briefly got into the car, and Thompson is seen sitting in the car holding money in his hand. Another man came up to the driver's window and got a cigarette from Thompson. The informant exited and stopped to talk to another party who arrived in a car. The informant then

returned to the meeting place with the police and was found to possess cocaine base, but not the money supplied by the police for the purchase. The informant testified that he purchased the cocaine base from Thompson.

Thompson argues that the evidence was insufficient to support his conviction. When reviewing a claim of insufficient evidence, we view the evidence in the light most favorable to the government to determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *See United States v. Avery*, 128 F.3d 966, 971 (6th Cir. 1997). Here, the jury could have believed the informant's testimony that he purchased the cocaine base from Thompson. The testimony was partially corroborated by the video. A rational trier of fact could conclude that Thompson sold the informant the drugs because he allowed him into his car briefly and was seen sitting in the car holding money in his hand. Thompson points out that the informant was paid to conduct the transaction and had an extensive criminal record. The jury was informed of these facts. Essentially, Thompson is attacking the credibility of the informant, which is a challenge to the weight, not the sufficiency, of the evidence. *See United States v. Gibbs*, 182 F.3d 408, 424 (6th Cir. 1999).

The record shows that Thompson's conviction was supported by sufficient evidence. Accordingly, the district court's judgment is affirmed.